(No. 957—Claimant awarded $2,730.00.)

MEAKIN KEITH, ADMINISTRATOR OF THE ESTATE OF HENRY T. KEITH, Deceased, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed March 10, 1927.*

GOVERNMENTAL FUNCTION—*hard roads. When State not liable.* The State in constructing its hard roads exercises a governmental function and is not liable for injuries sustained by its employees thereon.

WORKMEN'S COMPENSATION ACT—*award made under.* Although no legal liability exists against the State, an award may be made to an employee of the State who is injured in the course of his employment, and compensation fixed according to the provisions of the Workmen's Compensation act.

KNOTTS & KNOTTS, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

This is a claim growing out of injuries sustained by one Henry T. Keith, while employed by the State of Illinois, Department of Public Works and Buildings, Division of Highways.

The evidence shows that the claimant, Henry T. Keith, had been employed by the Department of Public Works and Buildings of the State of Illinois, Division of Highways, some time prior to the accident which occurred on May 3, 1924; that he was employed as a common laborer at a wage of $3.60 a day in and about the repair and maintenance of Section 607 on Route 4 of a certain public highway, and that in the course of his employment he was under the supervision and direction of the Division of Highways.

That at about 10 o'clock A. M. on the 3rd day of May, 1924, the said Henry T. Keith was pouring, by hand, heated asphalt from a vessel somewhat similar to a garden sprinkler into a certain crack in said pavement near the center of the north half of said hard road at a point about a quarter of a mile east of the village of Nilwood in the county of Macoupin, where said hard road extends in an easterly and westerly direction, and in so pouring said asphalt as aforesaid said Henry T. Keith was facing southward.

That on the date of the injury while said Henry T. Keith was employed as aforesaid, one Gustin Wilton drove his Ford touring car at the rate of about ten or fifteen miles an hour

along said highway where said Henry T. Keith was working; that the said Wilton, when within a short distance of the said Henry T. Keith, suddenly and without warning drove his car in a careless and incompetent manner along said highway in such a way as to strike the said Henry T. Keith with such force and violence that he, Keith, was thrown for a distance of ten or fifteen feet, rendering him unconscious; that the impact of said automobile broke both bones of the right leg of Keith and dislocated his right shoulder, tearing the ligaments of the same, and also badly bruising his body.

That as a result of said injuries sustained by Keith, he was confined in the Springfield Hospital at Springfield, Illinois, for a period of about one month and was wholly prevented from earning any wages or from pursuing any gainful occupation for a period of eleven months from and after the date of his injuries, and that he was permanently disabled in the use of both his right leg and right arm to the extent of 50% in the former and 40% in the latter; that prior to the accident Henry T. Keith was able-bodied; that at the time of his injury he was 62 years of age.

The Attorney General, on behalf of the State of Illinois, has filed a demurrer, which, as a proposition of law, is sustained. It is an old established rule of law that the State of Illinois is not liable for the torts of its officers, agents or employes; that the State in conducting the Division of Highways exercises a governmental function and is not liable for injuries to those in its employ.

However, it has been the practice of this court, where claims of employes for injuries sustained while in the employment of the State to follow the Workmen's Compensation law in allowing claims for injuries in order that equity and justice be done to injured employes.

There is no dispute in the evidence, and the statement filed by the Attorney General admits that the statement, brief and argument of claimant is a correct statement of facts and that claimant properly applies the law under the Workmen's Compensation Act; that claimant's statement, brief and argument are accepted and the case submitted to the court for such disposition as they care to make on the basis of the Workmen's Compensation Act.

According to the statement of claimant, the acceptance of said statement by the Attorney General and the fact that the

evidence is undisputed, we will allow this claim in accordance with the Workmen's Compensation Act, as follows:

The sum of $514.80 for temporary total disability, computed as follows: $10.00 per week, being 50% of his average weekly wage of $21.60, for a period of 47 2/3 weeks; and also the sum of $1,922.40 for his said permanent partial injuries, computed as follows: for the permanent partial loss of the use of his right leg 50% of 50% of his average weekly wage of $21.60 for a period of 180 weeks, making a total of $972.00, and for the permanent partial loss of the use of his right arm and shoulder 40% of 50% of his average weekly wage of $21.60 for a period of 220 weeks, making a total of $950.40, and for the reasonable expenses amounting to the sum of $293.00, making a final total of $2,730.00.

We therefore allow this claim in the sum of $2,730.00.